UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ACACIA GONZALEZ,

                    Plaintiff,

-against-

INGE THERON, FACEGYM NY LLC, and
FACEGYM USA INC.,

                    Defendants.
------------------------------------------------------------------------x

Case No. 20-cv-03854

**~~PROPOSED~~ STIPULATED JUDGMENT UNDER RULE 68**

On May 21, 2021, Defendants filed Plaintiff's notice of acceptance of offer of judgment for Plaintiff's FLSA claim pursuant to Rule 68 of the Federal Rules of Civil Procedure;

NOW, it is hereby ORDERED, ADJUDGED AND DECREED as follows: that the Plaintiff Acacia Gonzalez have judgment against Defendants Inge Theron; FaceGym NY LLC; and FaceGym USA, Inc. (collectively "Defendants"), in the amount of $3,000 (Three Thousand Dollars) which is inclusive of attorneys' fees and costs. This judgment is intended to resolve Plaintiff's FLSA claim (Plaintiff's Third Cause of Action) only and not the remaining claims. This offer is made for the purpose of Fed. R. Civ. P. 68 only, and neither it nor any judgment resulting from this offer may be construed as an admission (a) of liability on the part of Defendants; or (b) that Plaintiff has suffered any damage whatsoever.

Dated: May 28, 2021
New York, New York

                                            _____
                                            Honorable Andrew L. Carter, Jr.
                                            United States District Judge

The 2nd Circuit has held that judicial approval is not required of Rule 68(a) offers of judgment settling FLSA claims. *See Mei Xing Yu v. Hasaki Restaurant, Inc.*, 944 F.3d 395, 410 (2d Cir. 2019) ("In light of the unambiguously mandatory command of Rule 68(a) for the clerk of the court to enter offers of judgment when they are accepted, and because we find no indication by Congress or the Supreme Court that the FLSA requires judicial approval of stipulated judgments concerning FLSA claims in the context of ongoing litigation, we decline to pull such a requirement out of thin air with respect to Rule 68(a) offers of judgment settling FLSA claims."). In accordance with *Hasaki*, the Court respectfully directs the Clerk of Court to enter this stipulated judgment. So ordered.